UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:06-cr-20265-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

v.

**JAMES FRANKLIN MCCOY**,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendant James McCoy's *pro se* Emergency Motion for Sentence Reduction Bearing Effect to the COVID-19 Pandemic at Federal Prison Oakdale, Louisiana (the "Motion") [D.E. 134].[1] The Court has reviewed the Motion, the Presentence Investigation Report ("PSR"), and the record and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

## **BACKGROUND**

Defendant is a 60-year-old incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale") with a projected release date of March 2, 2025. [D.E. 134]. On January 24, 2007, United States District Judge Alan S. Gold[2] sentenced Defendant to a term of imprisonment of 264 months for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1), followed by a three-year term of supervised release. [D.E. 87]. Based on his criminal history, Defendant was classified as an armed career criminal pursuant to 18 U.S.C. § 924(e). PSR at 6 ¶ 18; *see also United States v. McCoy*, 259 F. App'x 264, 270 (11th

---

[1] The Court liberally construes the claims in the Petition because Petitioner proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

[2] On October 31, 2019, this action was reassigned to Judge Darrin P. Gayles and Magistrate Judge Alicia M. Otazo-Reyes.

Cir. 2007) (affirming the district court's classification of Defendant as an armed career criminal). On February 7, 2007, Judge Gold amended Defendant's judgment as to forfeiture. [D.E. 91]. On October 11, 2020, Defendant filed with the Warden of FCI Oakdale a request for compassionate release, a reduction in sentence, or a designation to home confinement. [D.E. 134 at 13–14]; *see also id.* (request received by FCI Oakdale on October 16, 2020). On November 13, 2020, the Warden denied Defendant's request. *Id.* at 12.

On December 7, 2020, Defendant filed the instant Motion, pursuant to 18 U.S.C. § 3582(c)(1), in light of the COVID-19 pandemic. [D.E. 134]. Defendant alleges that he "stands as a person over the age of 50 years old and befalls to the greater risk of COVID-19 infection." *Id.* at 5. Defendant's primary and secondary medical conditions include hypertension, anemia, cerebrovascular disease, liver disease, chronic kidney disease, and Hepatitis C Virus. *Id.* On December 15, 2020, the Government filed its Response in opposition to Defendant's Motion. [D.E. 136].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in

18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motion should be denied because (1) Defendant fails to allege "extraordinary and compelling" reasons for his release, (2) the § 3553(a) factors weigh against granting Defendant's early release, and (3) Defendant poses a danger to the safety of others or to the community. [D.E. 136]. As an initial matter, the parties do not dispute that Defendant properly exhausted his administrative remedies prior to filing this Motion. *Compare* [D.E. 134 at 12, 13–14] (Warden received the request on October 16, 2020), *with* [D.E. 134] (Motion filed on December 7, 2020). While the Court finds that Defendant properly exhausted his administrative remedies, his Motion fails on the merits because he fails to show that he is not a danger to the safety of other persons or the community.

In determining whether Defendant is a danger to the community, the Court must consider: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). In his Motion, Defendant states that he "has served the greater of 75 percent of the term of imprisonment . . . ." [D.E. 134 at 9]. However, he fails to mention whether—considering his extensive criminal history—his release would be a danger to others or the community. As the Government aptly notes, Defendant has an extensive criminal history that includes felony convictions for burglary, aggravated and armed robberies, aggravated battery with a deadly weapon, battery on a law enforcement officer, firearms offenses, and grand theft of a motor vehicle. [D.E. 136 at 18]; *see also* PSR at 7–17 (detailing Defendant's extensive criminal history). Based on Defendant's history of violent crimes, capacity to reoffend, and categorization as an armed career criminal, the Court finds that Defendant remains a danger to the community such that release is not warranted.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's *pro se* Emergency Motion for Sentence Reduction Bearing Effect to the COVID-19 Pandemic at Federal Prison Oakdale, Louisiana, [D.E. 134], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE